IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. DAVID LIEBAU, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:08-cv-131-SJM |
| GRIMM INDUSTRIES, INC., *et al.,* | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Presently pending before the Court are the motions for summary judgment filed by the Plaintiff, R. David Liebau [40], Defendants Grimm Industries, Inc. and Beatus M. Grimm [38], and Defendant Philip J. Marnella [39].  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In order to withstand a motion for summary judgment, the non-moving party must "make a showing sufficient to establish the existence of [each] element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In evaluating whether the non-moving party has established each necessary element, the Court must grant all reasonable inferences from the evidence to the non-moving party.  *Knabe v. Boury Corp.*, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)).  A factual dispute is "material" only if it might affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "Where the record taken as a whole could not lead a reasonable trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Id*.  (quoting *Matsushita*, 475 U.S. at 587).

As to Count I (ERISA - breach of fiduciary duty), pursuant to 29 U.S.C. § 1132(a)(2), the Court denies the Plaintiff's and Defendants' motions in their entirety. I find there are material issues of fact as to the reasonableness of the Defendants' reliance on the advice of their financial advisors, rendering summary judgment inappropriate. *See Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 430 (6th Cir. 2002); *Gregg v. Transportation Workers of America, Int'l*, 343 F.3d 833, 841 (6th Cir. 2003); *Howard v. Shay*, 100 F.3d 1484, 1489 (9th Cir. 1996). Moreover, as to Defendant Marnella, I find there are material issues of fact as to the nature of his discretionary authority relative to the Plan, and therefore, his fiduciary status.

As to Count II, (ERISA - statutory penalty, 29 U.S.C. § 1132(c)), the Summary Plan Description designates Defendant Grimm Industries, rather than Marnella, as the Plan Administrator. Consequently, summary judgment will be granted in favor of Defendant Marnella as to this claim. *See Erbe v. Billeter*, Civil Action No. 06-113, 2007 WL 2905890 at *8 (W.D. Pa. Sept. 28, 2007); *Campo v. Oxford Health Plans, Inc.*, Civil No. 06-4332 (JBS), 2007 WL 1827220 at *5 (D.N.J. June 26, 2007). Summary judgment is DENIED as to the Plaintiff's motion and the motion of Defendants Grimm Industries, Inc. and Beatus M. Grimm, given that the relevant inquiry includes, *inter alia*, an analysis of the "bad faith or intentional conduct on the part of the administrator." *Romero v. SmithKline Beecham*, 309 F.3d 113, 120 (3d Cir. 2002).

Accordingly, this 16th day of February, 2010, IT IS ORDERED that the motions for summary judgment filed by Plaintiff R. David Liebau [40] and Defendants Grimm Industries, Inc. and Beatus M. Grimm [38] be, and hereby are, DENIED.

IT IS FURTHER ORDERED that the motion for summary judgment filed by Defendant Philip J. Marnella [39] be, and hereby is, GRANTED as to Count II of the Second Amended Complaint and DENIED in all other respects.

JUDGMENT is hereby entered in favor of Defendant Philip J. Marnella and against Plaintiff R. David Liebau as to Count II of the Second Amended Complaint.

                                                s/    Sean J. McLaughlin
                                                SEAN J. McLAUGHLIN
                                                United States District Judge

cm:    All counsel of record.